UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAEWEATHERS MARSHALL,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendant. | No. 2:17-cv-1650 AC P<br><br>ORDER |

I.     Introduction

Plaintiff is a state prisoner incarcerated at California State Prison Sacramento (CSP-SAC), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted, and his complaint is dismissed with leave to file a First Amended Complaint.

II.     In Forma Pauperis Application

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.

Plaintiff is still required to pay the statutory filing fee of $350.00 for this action. See 28

U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Screening of Complaint Pursuant to 28 U.S.C. § 1915A

#### A. Legal Standards for Screening a Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted

2

as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

As set forth in his complaint, plaintiff alleges that he suffered a back injury in July 2016 for which he received treatment but continues to experience pain symptoms. On February 22, 2017, plaintiff sought treatment for his back injury and a shoulder injury from CSP-SAC physician "John Doe." The physician refused to prescribe pain medication prior to plaintiff receiving an MRI, asserting that this was protocol, and scheduled an MRI within approximately six weeks. On March 9, 2017, plaintiff saw Dr. Hopkins, who cancelled the MRI as not medically necessary and scheduled plaintiff for physical therapy. On June 7, 2017, plaintiff was seen by Dr. Arya, who rescheduled the MRI and prescribed plaintiff Tylenol 3 (with codeine), opining that both matters were medically warranted.

Plaintiff contends that Dr. "John Doe" was deliberately indifferent to plaintiff's serious medical needs because he refused to prescribe pain medication for plaintiff before plaintiff obtained an MRI. Plaintiff explains, "by Dr. Arya prescribing me Tylenol 3 'before' the MRI show[s] that the doctor I'd seen on 2/22/17 had been deliberately indifferent towards my medical needs because Dr. Arya had seen the same CatScan images of my back . . . that the doctor on 2/22/17 had seen and he refused to prescribe me medication!" ECF No. 1 at 3-4. Plaintiff does not allege that Dr. Hopkins was deliberately indifferent.

3

C. <u>Analysis</u>

A difference of medical opinion does not demonstrate deliberate indifference to a prisoner's serious medical needs. See <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). Therefore, plaintiff's allegations fail to state a cognizable deliberate indifference claim against the unidentified physician who treated plaintiff on February 22, 2017. Because this is the only claim asserted in the complaint, the complaint must be dismissed. However, as explained below, plaintiff will be accorded the opportunity to file an amended complaint.

Plaintiff's failure to identify the physician who treated him on February 22, 2017 provides an independent ground for dismissing the complaint. "Doe" defendants are disfavored and, as a general rule, are dismissed without prejudice from an action until their identity can be ascertained. See <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980); <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir. 2003). Plaintiff must attempt to obtain the identity of the subject physician and name him as the defendant in the amended complaint.

Plaintiff is informed of the following requirements for stating a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs. "In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Lemire v. CDCR</u>, 726 F.3d 1062, 1081 (9th Cir. 2013). A prisoner must allege facts supporting a reasonable inference that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

However, as earlier noted, these requirements must be considered within the bounds of reasonable differences in medical opinions. Sanchez, 891 F.2d at 242.

IV. Leave to File a First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded. The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A.

Failure to timely file a FAC will result in the dismissal of this action without prejudice.

V. Summary

You have been granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and found that your allegations, as currently framed, fail to state a cognizable claim for deliberate indifference to your serious medical needs. You have been granted leave to file a First Amended Complaint within thirty days, and the court has provided you guidance in stating a cognizable claim.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint within thirty (30) days after service of this order, subject to the legal

standards set forth herein.  Failure to timely file a First Amended Complaint will result in the dismissal of this action without prejudice.

    4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

    IT IS SO ORDERED.

DATED: September 7, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE